NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0181n.06

No. 14-5513

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 09, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                  )
                                           )
        Plaintiff-Appellee,                )
                                           )     ON APPEAL FROM THE UNITED
v.                                         )     STATES DISTRICT COURT FOR
                                           )     THE EASTERN DISTRICT OF
DARIEN HOUSTON,                            )     TENNESSEE
                                           )
        Defendant-Appellant.               )


        BEFORE:  KEITH, MERRITT, and BOGGS, Circuit Judges.


        PER CURIAM.   Darien Houston appeals the district court's denial of his motion to

suppress certain evidence.

        Houston was charged with being a felon in possession of a firearm, in violation of

18 U.S.C. § 922(g)(1).  He moved to suppress the firearm and other evidence that was found

during a search of his home, arguing that the affidavit supporting the search warrant contained

false information and had been drafted with a reckless disregard for the truth.  The district court

held an evidentiary hearing and denied the suppression motion.  Houston subsequently pleaded

guilty to the firearm charge, and the district court sentenced him to 180 months in prison.

        On appeal, Houston argues that the district court erred by denying his motion to suppress.

When reviewing the denial of a motion to suppress, we review the district court's factual

findings for clear error and its legal conclusions de novo.  *United States v. Scott*, 693 F.3d 715,

718 (6th Cir. 2012). We review the evidence in the light most likely to support the district court's decision. *Id.*

A search warrant may be issued only upon a showing of probable cause. *United States v. Williams*, 544 F.3d 683, 686 (6th Cir. 2008). Probable cause exists where there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.* "[A] search warrant is invalid when the supporting affidavit contains a statement, necessary to the finding of probable cause, that is later demonstrated to be false and included by an affiant knowingly and intentionally, or with a reckless disregard for the truth." *United States v. Duval*, 742 F.3d 246, 250 (6th Cir.), *cert. denied*, 135 S. Ct. 116 (2014).

In the affidavit supporting the search warrant, a law enforcement officer stated that, on May 27, 2012, he was in a residence on a disorder call when a woman ran inside and said that a Vice Lords gang member had pointed a gun at a rival gang member. The officer further stated that, on the same day, police were dispatched to the same area when shots were fired, shell casings were found at the scene, and the officer received a call from an informant telling him that Vice Lords were shooting at a rival gang member. According to the affidavit, on May 28, 2012, an informant called the officer and told him that he was in the residence that was the target of the search, that there were several Vice Lords gang members and firearms present, and that one of the firearms was used in the shooting incident from the previous day.

Houston contends that the following facts show that the officer deliberately or recklessly included false information in the affidavit supporting the search warrant: (1) the officer's incident report for the disorder call showed that it occurred on May 28, not May 27, and the report did not mention that a woman ran inside the residence and spoke to the officer; (2) the same incident report, which stated that the disorder call occurred at 9:21 p.m. at 2213 East 27th

Street, conflicted with the dispatch log, which showed that the call occurred at 5:23 p.m. at 2233 East 27th Street; (3) the evidence showed that the police were dispatched for shots fired on May 28, not May 27, and there were no shell casings found at the scene; and (4) the evidence showed that the officer received the second phone call from the informant on May 29, not May 28.

The district court did not err by denying Houston's motion to suppress. The fact that the dates in the search warrant affidavit were off by one day was immaterial to the probable cause determination and did not show that the officer deliberately or recklessly included false information in the affidavit. In addition, Houston failed to show that the officer included in the affidavit any false information relating to the content of the calls he received from the informant or the substance of the statement that was made by the unidentified woman during the disorder call. Houston has not demonstrated that the officer acted with reckless disregard for the truth of his statements.

Accordingly, we affirm the district court's order denying Houston's motion to suppress.